## GEORGE EDWARDS v. STATE.

No. A-9772. July 30, 1941.
(115 P. 2d 918.)

Billingsley & Kennerly, of Wewoka, and Con Long, of Seminole, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, George Edwards, was by information filed in the superior court of Seminole coun-

ty charged with the crime of murder; said cause was transferred to the district court of Seminole county, where defendant was tried, convicted of manslaughter in the first degree, and sentenced to serve a term of ten years in the State Penitentiary.

The only contention presented is that the evidence is insufficient to support the verdict. No other contention being presented, counsel for defendant appeared before this court and asked that the case be submitted upon the case-made with petition in error attached, without requiring briefs or oral argument from either party, which request was accordingly granted.

We have carefully examined the record to ascertain the sufficiency of the evidence and to further determine whether there are any fundamental errors which might have prejudiced the substantial rights of the defendant.

According to the record, the evidence of the state showed that the deceased, Esker White, Ted Ponder, and Ethel Newby, who was living with defendant, had been drinking for several hours in two different places in Seminole. They came into the roominghouse where Ethel shared a room with defendant. Ethel knocked on the door of their room. There was no reply. She kicked the door, and a shot was fired from inside the room. Defendant opened the door, hit Ethel over the head with his pistol, came out into the hall, and fired at the two men, who were fleeing out of the front door. Defendant came out the door with the pistol in his hand. He had been drinking. Esker White was shot through the abdomen and fell outside the house. He was taken to a hospital where he died as a result of the wound. Three empty shells from defendant's pistol were found, one in defendant's room, one in the hall, and one on the front porch. There were lights on in the house.

Testimony for defendant is to the effect that while White, Ponder, and Ethel Newby were coming to the defendant's place, White made threats against defendant. Just outside the house he picked up an iron bar and took it into the hall with him. Ethel knocked on the door and then kicked on it. Defendant asked who was there. White threatened him and hit the door with the bar. Defendant shot above the door to scare them. White broke the latch on the door and went in. There was a scuffle and defendant shot again. It was so dark that he didn't know who the people were. He ran out of the room and through the back door. Ethel was knocked down in the melee.

We have uniformly adhered to the rule that this court will not reverse a conviction for insufficiency of the evidence where there is any competent evidence in the record from which a jury might reasonably conclude that defendant is guilty.

There is a conflict of evidence here that presents a question for the jury. The physical facts are against the defendant. Under this record, the defendant was fortunate in not receiving more severe punishment. The deceased was shot while trying to flee, after the defendant had struck the girl who was with him over the head with his pistol.

Counsel for defendant have pointed out no errors in the record; and after an examination, we have been unable to find any errors of sufficient importance to warrant a reversal of the judgment. Defendant was accorded a fair and impartial trial, and the evidence is amply sufficient to sustain the conviction.

The judgment of the lower court is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.